(Pleito No. 151.—Fallado el 7 de Octubre de 1901.)

## Ramírez contra Vélez.

Recurso contra sentencia dictada por la. Corte de Distrito de Mayagüez.

1.—Tercerías. En las demandas interpuestas por un tercero basta que éste pruebe título posesorio á su favor en el inmueble embargado, para justificar su derecho al mismo con preferencia al deudor ejecutante, debiendo ser mantenido en el goce de su derecho como poseedor, mientras no haya otro que con título más robusto le dispute la posesión.

2.—Recurso. Un error de derecho en la apreciación de la prueba no puede discutirse en casación, si no se cita la disposición legal infringida en materia de pruebas.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á siete de Octubre de mil novecientos uno, en el juicio seguido en el Tribunal de Distrito de Mayagüez por Don Abad Vélez Balaguer, propietario, vecino de las Marías, contra Don Rodrigo Ramírez Vigo, cesionario de Sucesores de Esmoris y Cª y la Sucesión de Don Andrés González, representada por su viuda Doña Filomena Vélez, sobre tercería de dominio á bienes embargados por aquella sociedad á esta sucesión, cuyo pleito pende ante Nos, á virtud de recurso de casación por infracción de ley, que ha interpuesto Don Rodrigo Ramírez Vigo, representado y defendido por el Letrado Don Rafael Palacios Rodríguez, sin que hayan comparecido ante este Tribunal las demás partes del juicio. —Resultando: Que en juicio verbal civil, seguido por Sucesores de Esmoris y Cª contra Doña Filomena Vélez, viuda de González, como representante de la sucesión de su esposo Don Andrés González, en cobro de pesos, fué condenada al pago la sucesión demandada, con las costas del juicio, habiéndose embargado para el cumplimiento de la sentencia, una finca rústica de diez y siete cuerdas de terreno, más ó menos, radicadas en el barrio de Maravilla, del término municipal del pueblo de las Marías, sembradas á café, con casa-habitación, terrera, de maderas del país, techada de. zinc; colin-

dando al Norte con Martín Faisca y Raimundo Echevarría, hoy su sucesión, al Este con Santiago Rodríguez, al Sur con Inocencio Colón, y al Oeste con Don Marcial Lavergne.— Resultando: Que Don Abad Vélez Balaguer, con fecha nueve de Agosto del año último, dedujo ante el Tribunal de Distrito de Mayagüez, demanda sobre tercería de dominio contra Sucesores de Esmoris y C.ª y contra la Sucesión de Don Andrés González, representada por su viuda Doña Filomena Vélez, reclamando como de su propiedad, la finca embargada, á cuyo fin, además de los hechos ya expuestos, alegó que dicha finca estaba inscrita á su favor en el Registro de la Propiedad de Mayagüez, mediante información posesoria promovida al efecto, según certificación, acompañada á la demanda; invocó como fundamentos de derecho los artículos 348 y 446 del Código Civil, y los 459 y 1,533 de la Ley de Enjuiciamiento Civil; y concluyó con la súplica de que por sentencia se declarara con lugar la demanda, alzándose en su consecuencia el embargo de la finca en cuestión, con las costas del juicio á cargo de Sucesores de Esmoris y C.ª—Resultando: Que con suspensión del procedimiento de apremio en el juicio verbal de que se deja hecho mérito, se confirió traslado de la demanda á Sucesores de Esmoris y C.ª, y á la Sucesión de Don Andrés González, representada por su viuda, la cual prestó su allanamiento á aquélla, impugnándola Don Rodrigo Ramírez Vigo, como cesionario de los derechos de Sucesores de Esmoris y C.ª, según escritura pública de veinte y nueve de Agosto ya citado, á cuyo fin alegó que la certificación de inscripción de un expediente posesorio que se acompañaba á la demanda, aparte de no constar su autenticidad, no era título de dominio, sino de posesión, sin que, por tanto, sea dueño el tercerista de la finca embargada; recomendó como fundamentos de derecho los artículos 1,530 y 1,535 de la Ley de Enjuiciamiento Civil, las sentencias del Tribunal Supremo de España, de veinte y ocho de Abril de mil ochocientos setenta, trece de Abril de mil ochocientos ochenta y dos y cinco de Febrero

de mil ochocientos ochenta y tres, el artículo 3º en relación
con el 2º de la Ley Hipotecaria, y la regla 62 de la Orden
General número 118, serie de mil ochocientos noventa y
nueve; y suplicó se declarara por sentencia, sin lugar la
demanda, con imposición de costas á la parte actora.—Re-
sultando: Que á instancia de ambas partes se practicaron
pruebas, figurando entre las de Don Rodrigo Ramírez Vigo,
una certificación del Registro de la Propiedad de Mayagüez,
justificativa de haber sido inscrito en dicho Registro el
expediente promovido por Don Abad Vélez Balaguer, para
acreditar la posesión de la finca, cuya propiedad reclama.—
Reesultando: Que el Tribunal de Mayagüez, por sentencia
de siete de Febrero último, declaró con lugar la demanda de
tercería de dominio interpuesta, con las costas á cargo de
Don Rodrigo Ramírez Vigo, como cesionario de Sucesores de
Esmoris y Cª, mandando en su consecuencia, se alce el
embargo trabado sobre los bienes objeto de dicha tercería,
en el juicio verbal civil que dió origen á la misma.—Resul-
tando: Que Don Rodrigo Ramírez Vigo ha interpuesto
contra la expresada sentencia, recurso de casación por infrac-
ción de ley, como camprendido en los números 1º y 7º del
artículo 1,690 de la Ley de Enjuiciamiento Civil, ampliando
éste por la regla 79 de la Orden General número 118, serie
de mil ochocientos noventa y nueve, alegando como motivos
los siguientes:—1º Infracción del artículo 1,530 de la Ley
de Enjuiciamiento Civil, preceptivo de que las tercerías han
de fundarse en el dominio de los bienes embargados al
deudor, ó en el derecho del tercero á ser reintegrado en los
mismos, de lo cual se desprende que la ley no reconoce los tí-
tulos posesorios como fundamentos de tercería de dominio.—
2º Infracción de la doctrina legal establecida por las senten-
cias del Tribunal Supremo de España de veinte y ocho de
Abril de mil ochocientos setenta, trece de Abril de mil ocho-
cientos ochenta y dos y cinco de Febrero de mil ochocientos
ochenta y tres, las cuales estatuyen con toda claridad que
para ser acreditado de dominio un título es necesario que

reuna esa cualidad, careciendo de eficacia sobre los bienes embargados cualquier otro título de posesión, sin que por tanto puedan reputarse títulos de dominio los expedientes posesorios.—3º Infracción del artículo 3º en relación con el 2º de la Ley Hipotecaria, de los cuales se desprende que los expedientes posesorios no son títulos de dominio, pues éstos han de constar en escritura pública, ejecutoria ó documento auténtico, condiciones que no reune el presentado por el demandante, para acreditar el dominio de la finca que es objeto de la tercería.—4º Infracción de los artículos 446 y 448 del Código Civil y la sentencia del Tribunal Supremo de España de veinte y tres de Febrero de mil ochocientos noventa y nueve, por aplicación indebida, puesto que dichos artículos y sentencia sólo se refieren al derecho que tiene el poseedor á ser respetado en su posesión y á que se le restituya en la misma, si fuere por alguien perturbado en ella, caso completamente distinto al del pleito, en el que se trata de una tercería de dominio que no cabe confundir con los interdictos de retener y recobrar.—5º Error de derecho en la apreciación de la prueba, puesto que el Tribunal inferior considera como título bastante para declarar el dominio una certificación con la que sólo se acredita la posesión, y que por tanto no pasa de ser un título posesorio. —6º Infracción del principio jurídico *actore non probante, reus est absolvendus,* consagrado como doctrina legal por el Tribunal Supremo de España en sentencias de veinte y uno de Enero de mil ochocientos sesenta y siete, veinte y dos de Enero de mil ochocientos sesenta y nueve, siete de Marzo de mil ochocientos setenta y cuatro y veinte y uno de Diciembre de mil ochocientos ochenta y dos, puesto que el actor no ha probado el dominio sobre la finca embargada, y por consiguiente ha debido declararse sin lugar la tercería interpuesta.—7º Infracción de la regla 63 de la Orden General número 118, serie de mil ochocientos noventa y nueve, porque siendo improcedente el juicio de tercería promovido por Don Abad Vélez Balaguer, éste ha debido

ser condenado en las costas.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que al establecer el artículo 1,530 de la Ley de Enjuiciamiento Civil que las tercerías habrán de fundarse ó en el dominio de los bienes embargados al deudor, ó en el derecho del tercero á ser reintegrado de su crédito con preferencia al acreedor ejecutante, nada prescribe sobre el título que ha de servirles de base, pues de ese particular se ocupa el artículo 1,535 de la misma ley, preceptivo de que con la demanda de tercería deberá presentarse el título en que se funde, sin que determine cuál ha de ser ese título, ni si el de posesión es ó no bastante á los fines que se persiguen en la tercería de dominio; no habiendo sido infringido, por tanto, el expresado artículo 1,530, al cual se ha ajustado el demandante, alegando tener dominio sobre los bienes embargados y fundando la tercería en ese dominio.—Considerando: Que las sentencias del Tribunal Supremo de España que se citan en el 2º motivo del recurso, no establecen como doctrina legal que carece de eficacia para interponer tercería de dominio sobre bienes embargados cualquier otro título que no sea de dominio; y que lejos de ser así es jurisprudencia de aquel Tribunal que aunque el tenedor de unos bienes no tenga título justificativo de dominio, siempre debe conservarlos, si alguno se los demanda y no prueba que le pertenecen, ó lo que es lo mismo, que todo poseedor debe ser mantenido en el goce de su derecho, mientras no haya otro que con un título más robusto le dispute lo que posea; por cuyas razones es visto que carece de base la infracción alegada en la exposición de dicho motivo.—Considerando: Que el Tribunal sentenciador no ha calificado de título de dominio el expediente posesorio inscrito en el Registro de la Propiedad con que el tercerista justifica su derecho, pues la sentencia se funda en no haberse demostrado que los bienes litigiosos sean de la sucesión González y si que Don Abad Vélez los posee en concepto de dueño, no habiendo dado en su virtud á dicho expediente posesorio alcance legal que esté en oposi-

ción con los artículos 2? y 3? de la Ley Hipotecaria, que se citan en el 3^er motivo del recurso.—Considerando: Que tampoco han sido indebidamente aplicados los artículos 446 y 448, del Código Civil, cuya infracción se alega en el 4? motivo, pues ellos establecen en términos absolutos, sin distinciones que no autorizan su espíritu ni su letra, que todo poseedor tiene derecho á ser respetado en su posesión y que el poseedor en concepto de dueño tiene á su favor la presunción legal de que posee con justo título; por lo que, habiendo estimado la Sala sentenciadora no haberse demostrado que los bienes litigiosos sean de la Sucesión González y sí que Don Abad Vélez los posee en concepto de dueño, contra cuya apreciación no se ha alegado en forma legal error de hecho ó de derecho, es evidente que se ha ajustado á los textos legales citados, sin que la sentencia del Tribunal Supremo de España de veinte y tres de Febrero de mil ochocientos noventa y nueve pueda invocarse como infringida por haberse dictado después de la extinción de su soberanía en esta Isla, aparte de que no contradice la recta aplicación que de los artículos citados hace el Tribunal sentenciador.— Considerando: Que el error de derecho en la apreciación de la prueba á que se contrae el 5? motivo del recurso, por darse valor legal para declarar el dominio á una certificación que sólo es título posesorio, no puede discutirse en casación por no citarse la disposición legal infringida en materia de pruebas, según se exige por el artículo 1,718 de la Ley de Enjuiciamiento Civil y lo tiene ya declarado esta Corte Suprema para casos análogos.—Considerando: Que subordinados los demás motivos á la resolución de los ya expuestos, también son desestimables por faltarles base en que apoyarse.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Rodrigo Ramírez Vigo, al que condenamos en las costas; y líbrese al Tribunal de Mayagüez la certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en

la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á siete de Octubre de mil novecientos uno.—E. de J. López Gaztambide, *Secretario.*